Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/28/2025 08:11 AM CDT

- 842 -
Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
FUNDAMENTAL INV. V. DOUGLAS CTY. BD. OF EQUAL.
Cite as 33 Neb. App. 842

Fundamental Investments, LLC, and Daniel
Schmit, appellants, v. Douglas County
Board of Equalization, appellee.
___ N.W.3d ___

Filed October 28, 2025. No. A-24-965.

1. Taxation: Judgments: Appeal and Error. By statute, an appellate court
reviews an order from the Tax Equalization and Review Commission
that is defined as a “final decision” under Neb. Rev. Stat. § 77-5019(5)
(Reissue 2018) for error on the record.
2. Judgments: Appeal and Error. When reviewing a judgment for errors
appearing on the record, an appellate court’s inquiry is whether the deci-
sion conforms to the law, is supported by competent evidence, and is
neither arbitrary, capricious, nor unreasonable.
3. Administrative Law. Agency action taken in disregard of the agency’s
own substantive rules is also arbitrary and capricious.
4. Taxation: Notice. The Tax Equalization and Review Commission may
enter a proposed order for a party’s failure to appear at a show cause
hearing under 442 Neb. Admin. Code, ch. 5, § 029.03 (2021), if the
record demonstrates that notice has been provided to the party against
whom the show cause order is issued or a reasonable attempt at notice
has been made.
5. Taxation: Service of Process. Reasonable attempts at service are
deemed made under 442 Neb. Admin. Code, ch. 5, §§ 029.02A and
029.02B (2021), when delivery of service by certified mail is refused
by the party to whom service is directed or service by certified mail is
returned by the U.S. Postal Service as undeliverable or as unclaimed.
6. Taxation: Service of Process: Affidavits: Proof. The Tax Equalization
and Review Commission may demonstrate proof of service by filing an
affidavit of service.
7. Affidavits: Words and Phrases. An affidavit is a written or printed
declaration or statement of facts, made voluntarily, and confirmed by
 - 843 -
Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
FUNDAMENTAL INV. V. DOUGLAS CTY. BD. OF EQUAL.
Cite as 33 Neb. App. 842

the oath or affirmation of the party making it, taken before a person
having authority to administer such oath or affirmation.
8. Affidavits: Proof. An affidavit must bear on its face, by the certificate
of the officer before whom it is taken, evidence that it was duly sworn
by the party making the same.
9. Affidavits: Proof: Public Officers and Employees. An affidavit does
not require a notary to confirm the truth of the facts stated in the affi-
davit; rather, the certificate, also known as a jurat, confirms only that
the affiant appeared before the notary, attested to the truth of his or her
statements, and signed the affidavit.
10. Taxation: Notice. Notice of a show cause hearing under 442 Neb.
Admin. Code, ch. 5, § 029.02 (2021), must be served on all parties
through the U.S. Postal Service by certified mail.
11. Notice: Proof. The mailing of an item is demonstrated by direct proof
of actual deposit with an authorized U.S. Postal Service official or in an
authorized depository.
12. Trial: Notice: Proof. Proof of a course of individual or office practice
that letters which are properly addressed and stamped are placed in a
certain receptacle from which an authorized individual invariably col-
lects and places all outgoing mail in a regular U.S. mail depository and
that such procedure was actually followed on the date of the alleged
mailing creates an inference that a letter properly addressed with suf-
ficient postage attached and deposited in such receptacle was regularly
transmitted and presents a question for the trier of fact to decide.
13. Appeal and Error. An appellate court is not obligated to engage in an
analysis that is not necessary to adjudicate the case and controversy
before it.

Appeal from the Tax Equalization and Review Commission.
Reversed and remanded for further proceedings.
David C. Briese, of Crary Huff, P.C., for appellant.
Donald W. Kleine, Douglas County Attorney, and Landon L.
Friesen for appellee.
Pirtle, Bishop, and Freeman, Judges.
Bishop, Judge.
I. INTRODUCTION
Fundamental Investments, LLC (Fundamental), and Daniel
Schmit (collectively Petitioners) filed property valuation
 - 844 -
Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
FUNDAMENTAL INV. V. DOUGLAS CTY. BD. OF EQUAL.
Cite as 33 Neb. App. 842

protests with the Douglas County Board of Equalization.
After the board denied their protests, Petitioners appealed
to the Tax Equalization and Review Commission (TERC).
TERC subsequently dismissed the appeals for Petitioners’
failure to appear at a show cause hearing and for lack of
jurisdiction. Petitioners now appeal TERC’s order of dis-
missal. We find there was insufficient competent evidence
for TERC to conclude that Petitioners were given notice of
the show cause hearing or that a reasonable attempt at notice
had been made as required by TERC’s rules. Therefore, we
reverse, and remand for further proceedings.
II. BACKGROUND
Before discussing the specific circumstances surrounding
TERC’s dismissal order, we explain the statutory and adminis-
trative procedures relevant to the parties’ dispute.
1. Statutory Procedures Governing
Appeals to TERC
The county boards of equalization throughout Nebraska
are statutorily tasked with reviewing and deciding written
protests regarding the assessments of taxable property located
within their respective jurisdictions. See Neb. Rev. Stat.
§ 77-1502(1) (Cum. Supp. 2024). Protests relating to real
property must be filed “on or before June 30” of each year,
and a separate protest form must be submitted for each parcel
of real property. Id.
Determinations made by a county board under § 77-1502
may be appealed to TERC “on or before August 24 or on or
before September 10 [of each year] if the county has adopted
a resolution to extend the deadline for hearing protests.” Neb.
Rev. Stat. § 77-1510 (Reissue 2018). TERC obtains exclu-
sive jurisdiction over an appeal when it (1) “has the power
or authority to hear the appeal or petition,” (2) the “appeal
or petition is timely filed,” (3) “[t]he filing fee, if applicable,
is timely received and thereafter paid,” and (4) “[i]n the case
 - 845 -
Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
FUNDAMENTAL INV. V. DOUGLAS CTY. BD. OF EQUAL.
Cite as 33 Neb. App. 842

of an appeal, a copy of the decision, order, determination,
or action appealed from . . . is timely filed.” Neb. Rev. Stat.
§ 77-5013(1) (Reissue 2018).
Important to the matter before us, an appeal to TERC is
“timely filed” if it is “placed in the United States mail, post-
age prepaid, with a legible postmark for delivery to the com-
mission, or received by the commission, on or before the
date specified by law for filing the appeal.” § 77-5013(2).
Nebraska statutes also provide certain tax documents, includ-
ing “appeal[s],” qualify for a special presumption of mailing.
Neb. Rev. Stat. § 49-1201 (Reissue 2021). Importantly, any
“appeal” which is “received and the cancellation mark is illeg-
ible, erroneous, or omitted shall be deemed filed or made and
received on the date it was mailed if the sender establishes by
competent evidence that” the “appeal” “was deposited in the
United States mail on or before the date for filing.” Id.

2. Administrative Procedures Governing
TERC Show Cause Hearings
The TERC chairperson has administrative authority to “issue
an order to show cause why a proposed order should not be
entered.” 442 Neb. Admin. Code, ch. 5, § 029 (2021). Such an
order directs the parties to a TERC action to attend a hearing
wherein each is afforded an opportunity to present evidence
demonstrating why a proposed order should or should not be
entered. See id., §§ 029.01 and 029.04. Copies of the order
to show cause and a notice of hearing are required to “be
served on all parties through the United States Postal Service
by certified mail, postage prepaid; a returned receipt may be
requested.” Id., § 029.02. If a party to a show cause hearing
fails to “appear within fifteen minutes of the time for hearing,
the proposed order may be issued if the record demonstrates
that notice has been provided to the party against whom the
[o]rder to [s]how cause is issued, or a reasonable attempt to
provide notice has been made.” Id., § 029.03.
 - 846 -
Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
FUNDAMENTAL INV. V. DOUGLAS CTY. BD. OF EQUAL.
Cite as 33 Neb. App. 842

An aggrieved party may also file a motion for rehearing
with TERC within 30 days of the date an order was entered.
Id., § 023.01. Any motion for rehearing must be approved by a
majority of TERC commissioners. Id.
With these procedural provisions in mind, we turn to the
specific facts of this case.
3. Petitioners’ Property Valuation Protests
Petitioners submitted property valuation protests to the
Douglas County Board of Equalization sometime “[d]uring”
the timeframe of June 1 and July 1, 2024. Fundamental pro-
tested the valuation of seven separate parcels of real prop-
erty located in Douglas County, Nebraska. Schmit protested
the valuation of a single parcel of real property situated in
Douglas County. On August 6, the board denied all eight
protests. A “Notification of Board Action” was provided to
Petitioners for each protest. The notifications included a
statement that any appeal to TERC needed to be made “on
or before September 10, 2024.” TERC’s mailing address was
also provided.

4. Petitioners’ Appeals and TERC’s
Show Cause Order
On September 16, 2024, TERC received an envelope that
included appeal forms, filing fees, and copies of the August
2024 “Notification of Board Action” for each of the eight
protests. All appeal forms were signed by Schmit, either as an
“officer, director, full-time employee, [or] LLC member” of
Fundamental or in his personal capacity. Each appeal form was
dated September 10, 2024. The envelope, however, was not
postmarked, and no cancellation mark was present.
On September 24, 2024, the TERC chairperson issued an
“Order to Show Cause and Notice of Hearing” directing the
petitioners to appear at a telephonic hearing on October 31
and “show cause why an order dismissing the appeals due
to lack of jurisdiction should not be entered.” Specifically,
 - 847 -
Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
FUNDAMENTAL INV. V. DOUGLAS CTY. BD. OF EQUAL.
Cite as 33 Neb. App. 842

TERC sought “evidence and testimony regarding the circum-
stances of mailing the appeals.” The order also noted that
failure “to appear at the hearing within fifteen minutes” after
its start would result in dismissal of the appeals.
The caption of TERC’s show cause order included eight case
numbers. However, the record does not show that TERC ever
entered a formal order consolidating Petitioners’ appeals, nor
was consolidation mentioned in the show cause order.
TERC’s show cause order also stated that a copy of the
order “shall be served on each party by certified mail.” An
“[a]ffidavit of [m]ailing” was authored by a TERC employee.
The affidavit reads, in pertinent part:
Affiant further deposes and states that of affiant’s
personal knowledge, service of the Notice of Appeal
and Order to Show Cause and Notice of Hearing entered
in the captioned appeals was mailed by Certified First
Class United States Mail, sufficient postage prepaid,
on the following date: September 24, 2024, to the
addresses indicated below. The certified tracking num-
ber of each envelope is recorded below the party’s name
and address.
The affidavit also included Petitioners’ mailing address,
as found on their appeal forms, and certified mail track-
ing numbers.
The affidavit contained a typewritten date of September 24,
2024. However, the affidavit was “subscribed and sworn to”
on September 25, as indicated by an interlineation made by
the notary public.
5. Show Cause Hearing
On October 31, 2024, the show cause hearing was held.
Petitioners did not appear. Counsel for the Douglas County
Board of Equalization was present and moved to dismiss
Petitioners’ appeals based on “the lack of [their] appearance.”
TERC took counsel’s motion under advisement. TERC also
took “notice of the case file and the contents of the case file,
 - 848 -
Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
FUNDAMENTAL INV. V. DOUGLAS CTY. BD. OF EQUAL.
Cite as 33 Neb. App. 842

including the pleadings,” in order to determine whether it had
jurisdiction. The hearing was adjourned.
6. TERC’s Dismissal Order
On November 25, 2024, TERC issued an order dismissing
all of Petitioners’ appeals with prejudice. TERC concluded it
lacked jurisdiction over Petitioners’ appeals under § 77-5013.
TERC specifically found Petitioners’ appeals were received on
September 16, 2024, and there was no “competent evidence to
demonstrate the appeals were deposited in the United States
mail on or before” September 10. TERC additionally stated
Petitioners were warned that their appeals would be dismissed
if they failed to appear at the show cause hearing.

7. Petitioners’ Motion for Rehearing
and Reconsideration
On December 9, 2024, TERC received Petitioners’ motion
for rehearing and reconsideration. In their motion, Petitioners
claimed the necessary appeal documents “were deposited in
the United States mail by the deadline of September 10, 2024.”
Petitioners further stated they had no knowledge of the order
to show cause and notice of hearing until after October 31,
and they did not find out about the dismissal order until their
counsel “located it on December 4, 2024.” They also con-
tended the dismissal order failed to show that notice of the
show cause hearing was provided to them or that a reasonable
attempt to provide notice was made, as required by TERC’s
rules. Petitioners lastly argued their appeals were consolidated
without a formal order, in violation of 442 Neb. Admin. Code,
ch. 5, § 007 (2021).
On December 16, 2024, TERC issued an order denying
Petitioners’ motion for rehearing and reconsideration. TERC
explained it had taken “notice of the contents of the case
files” during the show cause hearing. TERC asserted the
case files contained the affidavit of mailing, which showed
“notice was served” or, “in the alternative, a reasonable
 - 849 -
Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
FUNDAMENTAL INV. V. DOUGLAS CTY. BD. OF EQUAL.
Cite as 33 Neb. App. 842

attempt [at notice] was made.” Additionally, TERC stated
that its rules did not require a separate order of consolida-
tion and that proper notice of consolidation was provided to
Petitioners in its show cause order.
Petitioners appeal.
III. ASSIGNMENTS OF ERROR
Petitioners assign, reordered and restated, that TERC erred
by (1) issuing an order of dismissal when the record did not
demonstrate by competent evidence that notice of the show
cause hearing had been provided to them or that a reason-
able attempt at notice had been made, (2) consolidating the
appeals without a formal order, and (3) violating their due
process rights.

IV. STANDARD OF REVIEW
[1-3] By statute, an appellate court reviews a TERC order
that is defined as a “final decision” under Neb. Rev. Stat.
§ 77-5019(5) (Reissue 2018) for error on the record. See
County of Webster v. Nebraska Tax Equal. & Rev. Comm.,
296 Neb. 751, 896 N.W.2d 887 (2017). When reviewing a
judgment for errors appearing on the record, an appellate
court’s inquiry is whether the decision conforms to the law,
is supported by competent evidence, and is neither arbitrary,
capricious, nor unreasonable. Id. Agency action taken in dis-
regard of the agency’s own substantive rules is arbitrary and
capricious. Id.

V. ANALYSIS
1. Notice of Show Cause Hearing
Petitioners claim TERC erred by dismissing their appeals
because there was no competent evidence that notice of the
October 2024 show cause hearing had been provided to them
or that a reasonable attempt at service had been made. The
Douglas County Board of Equalization contends the affida-
vit of mailing was sufficient to show that notice was sent
 - 850 -
Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
FUNDAMENTAL INV. V. DOUGLAS CTY. BD. OF EQUAL.
Cite as 33 Neb. App. 842

to Petitioners by certified mail. Petitioners counter, argu-
ing the affidavit relied upon by TERC was deficient. They
specifically assert that (1) the affidavit was “not properly
subscribed and sworn” and (2) the affiant did not provide suf-
ficient foundation or specificity to support her averment that
notice was mailed. Brief for appellants at 13.
[4-6] TERC’s regulations state, in pertinent part:
If a party to a proceeding at a show cause hearing
does not appear within fifteen minutes of the time
for hearing, the proposed order may be issued if the
record demonstrates that notice has been provided to
the party against whom the [o]rder to [s]how [c]ause
is issued, or a reasonable attempt to provide notice has
been made.
442 Neb. Admin. Code, ch. 5, § 029.03 (2021) (emphasis sup-
plied). Reasonable attempts at service are deemed made when
(1) “delivery of service by certified mail . . . is refused by the
party to whom service is directed” or (2) “service by certified
mail . . . is returned by the United States Postal Service as
undeliverable or as unclaimed.” Id., §§ 029.02A and 029.02B.
TERC may demonstrate proof of service by filing an “[a]ffida-
vit of [s]ervice.” Id., § 026.
At the show cause hearing, TERC took “notice of the case
file and the contents of the case file,” which included the affi-
davit of mailing. In its order denying Petitioners’ motion for
rehearing and reconsideration, TERC found that the affidavit
showed notice was sent via certified mail as required by its
rules or, alternatively, that a reasonable attempt at notice had
been made. The disposition of this case, therefore, depends
upon whether the affidavit was sufficient competent evidence
that notice was issued to Petitioners. We are not persuaded by
Petitioners’ argument that the execution of the affidavit was
defective, but we conclude the substance of the affidavit did
not provide sufficient competent evidence to show that notice
was provided to Petitioners.
 - 851 -
Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
FUNDAMENTAL INV. V. DOUGLAS CTY. BD. OF EQUAL.
Cite as 33 Neb. App. 842

(a) Execution of Affidavit
Petitioners first assert the execution of the affidavit was
legally deficient. They allege the affiant did not sign the
affidavit in the presence of the notary public. To support this
contention, Petitioners point out that the affidavit contained a
typewritten date of September 24, 2024, but the affidavit was
not subscribed or sworn to the notary public until September
25, as evidenced by an interlineation on the affidavit.
[7-9] An affidavit is a written or printed declaration or
statement of facts, made voluntarily, and confirmed by the
oath or affirmation of the party making it, taken before a
person having authority to administer such oath or affirma-
tion. Hass v. Neth, 265 Neb. 321, 657 N.W.2d 11 (2003). See,
also, Neb. Rev. Stat. § 25-1241 (Reissue 2016). An affidavit
must bear on its face, by the certificate of the officer before
whom it is taken, evidence that it was duly sworn to by the
party making the same. Hass v. Neth, supra. An affidavit does
not, however, require the notary to confirm the truth of the
facts stated in the affidavit; rather, the certificate, also known
as a jurat, confirms only that the affiant appeared before
the notary, attested to the truth of his or her statements, and
signed the affidavit. See id.
We find no defects in the execution of the affidavit. Despite
Petitioners’ contentions, there is no evidence in the record to
suggest that the affidavit was signed outside the presence of
the notary public. To the contrary, the notary public’s seal,
signature, and recital that it was “subscribed and sworn” is
evidence that the affiant appeared before the notary and signed
the affidavit in their presence. See In re Interest of Fedalina
G., 272 Neb. 314, 721 N.W.2d 638 (2006). We agree with the
Douglas County Board of Equalization that “[a] more plausible
reading of the record” is that the affidavit was prepared on
September 24, 2024, but not actually subscribed and sworn
to until September 25. Brief for appellee at 11. Accordingly,
Petitioners’ first argument fails.
 - 852 -
Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
FUNDAMENTAL INV. V. DOUGLAS CTY. BD. OF EQUAL.
Cite as 33 Neb. App. 842

(b) Substance of Affidavit
Petitioners next assert the content of the affidavit was
not sufficient to prove that notice was sent to Petitioners or
that a reasonable attempt at service was made. They argue that
the affidavit was “lacking in specificity” and that the affiant
did not adequately explain the basis of her personal knowl-
edge regarding the mailing of notice. Brief for appellants at
13. In its brief, the Douglas County Board of Equalization
responded to these contentions by simply stating as follows:
“Notice of [h]earing was sent by certified mail with a return
receipt accompanying each affidavit affirming the same . . . .”
Brief for appellee at 11. We find it important to note that the
record before us does not include any return receipts.
[10] There is no dispute that TERC’s rules require notice
of a show cause hearing to be “served on all parties through
the United States Postal Service by certified mail.” 442 Neb.
Admin. Code, ch. 5, § 029.02 (2021). Likewise, TERC may
only dismiss an appeal for a party’s failure to appear “if the
record demonstrates that notice has been provided to the
party against whom” the show cause order is issued “or a
reasonable attempt to provide notice has been made.” Id.,
§ 029.03.
[11,12] Under Nebraska law, the mailing of an item is dem-
onstrated by “direct proof of actual deposit with an authorized
U.S. Postal Service official or in an authorized depository.”
Houska v. City of Wahoo, 235 Neb. 635, 641, 456 N.W.2d
750, 754 (1990). Additionally, the Nebraska Supreme Court
has stated:
[P]roof of a course of individual or office practice that
letters which are properly addressed and stamped are
placed in a certain receptacle from which an authorized
individual invariably collects and places all outgoing
mail in a regular U.S. mail depository and that such
procedure was actually followed on the date of the
alleged mailing creates an inference that a letter properly
 - 853 -
Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
FUNDAMENTAL INV. V. DOUGLAS CTY. BD. OF EQUAL.
Cite as 33 Neb. App. 842

addressed with sufficient postage attached and deposited
in such receptacle was regularly transmitted and presents
a question for the trier of fact to decide.
Id.
The above principles were applied to facts similar to the
controversy before us in Greenwood v. J.J. Hooligan’s, 297
Neb. 435, 899 N.W.2d 905 (2017). In that case, the Nebraska
Supreme Court considered the statutory requirement that writ-
ten notice be sent by certified mail before a workers’ com-
pensation insurance policy can be effectively canceled. The
Supreme Court determined an affidavit that “state[d] that
the notice of cancellation was sent via certified mail and
provide[d] a tracking number for the notice” did not prove
mailing because the affiant did not “testify to having delivered
the notice of cancellation to a USPS official or depository.” Id.
at 442, 899 N.W.2d at 911. The Supreme Court concluded the
affidavit was not competent evidence to show that statutory
notice requirements were met.
Like in Greenwood, the affiant in this case did not aver
to having delivered the notice of hearing to a U.S. Postal
Service official or depository. The affidavit only stated that
to affiant’s “personal knowledge,” notice “was mailed by
Certified First Class United States Mail, sufficient postage
prepaid, on” “September 24, 2024.” Although the affiant
asserted the affidavit was based on her “personal knowl-
edge,” she did not explain the basis of that knowledge, nor
did she aver to having personally witnessed the preparation
or mailing of the notice. See State ex rel. Wagner v. Amwest
Surety Ins. Co., 274 Neb. 121, 738 N.W.2d 813 (2007)
(affidavit of mailing found not credible where it lacked
specificity and foundation). The affiant also did not recite
specific facts that show an office practice or procedure for
mailing such letters existed, nor that it was followed in this
case. Similarly, the record contains no evidence that a rea-
sonable attempt at service was made. There is no indication
 - 854 -
Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
FUNDAMENTAL INV. V. DOUGLAS CTY. BD. OF EQUAL.
Cite as 33 Neb. App. 842

that delivery of service was refused by Petitioners or that
service was returned as unclaimed or undelivered. See 442
Neb. Admin. Code, ch. 5, §§ 029.02A and 029.02B (2021).
Lastly, while tracking numbers were provided in the affida-
vit, it is well-settled that a tracking number alone is insuffi-
cient evidence to establish certified mail service. See Barnes
v. American Standard Ins. Co. of Wis., 297 Neb. 331, 900
N.W.2d 22 (2017).
Consequently, we find there is not sufficient competent
evidence in the record to show that notice or a reasonable
attempt at notice was provided to Petitioners as required
by TERC’s own rules. Therefore, TERC erred in dismissing
Petitioners’ appeals for failing to appear at the October 2024
show cause hearing.

(c) TERC’s Jurisdiction Remains at Issue
In its dismissal order, TERC found that it lacked jurisdic-
tion over Petitioners’ appeals under §§ 77-1502 and 77-5013
because it was “[w]ithout competent evidence to demonstrate
the appeals were deposited in the United States mail on or
before” September 10, 2024. However, as set forth above, the
affidavit relied upon by TERC does not show Petitioners were
provided notice of the show cause hearing. Thus, Petitioners
must be afforded an opportunity to adduce evidence that juris-
dictional requirements were satisfied. See 442 Neb. Admin.
Code, ch. 5, § 029.04 (parties to show cause hearing “shall
be afforded an opportunity to show cause, through evidence
and argument, why the proposed order should or should not
be entered”).
We note that in their brief, Petitioners ask us to remand
with “instructions to conduct further proceedings to consider
the merits of each of the appeals.” Brief for appellants at 15.
However, this remedy is not appropriate. Petitioners have yet
to provide any proof beyond conclusory statements in their
motion for rehearing and their brief that the necessary appeal
documents and fees were deposited in the U.S. mail on or
 - 855 -
Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
FUNDAMENTAL INV. V. DOUGLAS CTY. BD. OF EQUAL.
Cite as 33 Neb. App. 842

before September 10, 2024. Thus, this case must be remanded
for further proceedings to determine whether TERC has juris-
diction over Petitioners’ appeals.
2. Remaining Assignments of Error
[13] Petitioners also assert TERC erred by (1) consolidat-
ing their appeals without a formal order and (2) violating
their due process rights. Because we find the affidavit relied
upon by TERC was deficient, we need not address these
assigned errors. An appellate court is not obligated to engage
in an analysis that is not necessary to adjudicate the case
and controversy before it. Dugan v. Sorensen, 319 Neb. 326,
22 N.W.3d 623 (2025).

VI. CONCLUSION
The affidavit of mailing in this case was not sufficient
competent evidence that notice or a reasonable attempt at
notice was provided to Petitioners as required under TERC’s
rules. Accordingly, TERC erred by dismissing Petitioners’
appeals for failure to appear. We, therefore, reverse TERC’s
dismissal order and remand the cause for further proceed-
ings to determine whether TERC has jurisdiction over
Petitioners’ appeals.
Reversed and remanded for
further proceedings.